UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| ICTV Brands, Inc., a Nevada corporation, <br><br> Plaintiff, <br><br> v. <br><br> Kai USA Ltd., an Oregon limited liability company, <br><br> Defendant. | CASE NO: _____ |

## COMPLAINT
## INJUNCTIVE RELIEF AND JURY TRIAL REQUESTED

Plaintiff, ICTV BRANDS, INC., a Nevada corporations, sue the Defendant, KAI USA LTD., an Oregon Limited Liability Company, and states:

## PARTIES

1. Plaintiff, ICTV BRANDS, INC. ("ICTV") is a corporation duly organized under the laws of the State of Nevada with its principal place of business at 489 Devon Park Drive, Suite 315, Wayne, PA 19087.

2. On information and belief, Defendant, KAI USA LTD. ("Kai"), is a limited liability company duly organized under the laws of the State of Oregon with a principal place of business of 18600 South West Teton Avenue, Tualatin, OR 97062.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under the provisions of 15 U.S.C. § 1121; 28 U.S.C. §§ 1331 and 1338(a);

4. Venue is appropriate in this District pursuant to 28 U.S. §§ 1391 (b) and (c).

## NATURE OF ACTION

5. This is an action for trademark infringement under the Trademark Act of 1946, as amended (the Lanham Act, 15 U.S.C. §§1051 et seq.), arising from the use by Kai of the trademark DERMA WAND® and DERMAWAND® ("the Registered Marks") in violation of ICTV's rights in the Registered Marks arising under federal trademark law.

## BACKGROUND

### A. ICTV'S TRADEMARK RIGHTS

6. ICTV owns a family of trademarks to identify a skin care device which ICTV has sold millions of units of since 1997. The family of trademarks includes a federal registration for DERMA WAND® (Reg. No. 2,514,408) and a federal registration for DERMAWAND® (Reg. No. 4,517,661). In addition, ICTV has established strong common-law rights in the Registered Marks.

#### 1. The DERMA WAND® Mark

7. ICTV has been continuously using the DERMAWAND® mark in connection with skin care devices for almost twenty years. More particularly, ICTV has been continuously using the Registered Marks to create an association between itself and its well-known skin care device. ICTV markets the device through, among other trade channels, retail stores, direct response television, internet, direct mail catalogues and trade shows.

8. On August 26, 2010, Window Shop PC.com Ltd. Corp. filed a federal trademark application for DERMA WAND® (Reg. No. 2,514,408) (the "'408 Mark") with the United States Patent and Trademark Office (USPTO) for use in connection with the device. See Exhibit A, Reg. No. 2,514,408.

9. The '408 Mark was subsequently assigned to ICTV.

10. ICTV's date of first use of the DERMAWAND® mark is on or about January of 1997.

11. The 'DERMA WAND® mark is incontestable.

### 2. The DERMAWAND® Mark

12. ICTV also filed on September 9, 2013 for the trademark DERMAWAND® for use in connection with the device (Reg. No. 4,517,661) (the "'661 Mark"). See Exhibit B, Reg. No. 4,517,661.

13. ICTV's date of first use of the DERMAWAND® mark is on or about March 31, 2008.

14. ICTV has used both DERMA WAND® and DERMAWAND® as source identifiers. The Registered Marks are used in connection with ICTV's skin care device.

15. ICTV has invested a significant amount of time and money into advertising the marks DERMA WAND® and DERMAWAND® over the course of many years.

16. Prior to the act complained herein, those in the skin care industry and the public in general have come to recognize that the Registered Marks identify a single particular source, which is ICTV, and that the Registered Marks designate goods originating with ICTV.

### B. DEFENDANTS

17. On information and belief, Kai has sold, and continues to sell, the product "Noxzema About Face Sonic Derma-Wand" through a variety of commercial avenues including but not limited to the internet via websites such as www.drugstore.com and www.amazon.com.

18. A copy of the infringing use of the mark on packaging is displayed below as well as a portion of the web page on which the infringing use appears:



19.     Upon information and belief, despite receiving a cease and desist notice on May 10, 2016, Kai continues to commit acts of infringement at least as of July 22, 2016, by continuing to sell the offending product and/or products, going so far as to apply a "™" after the phrase "Derma-Wand" on the packaging of the product implying Kai's common law rights to a federally registered mark owned by ICTV.

4

20. Kai continues to use the Registered Marks, without ICTV's permission, and with full knowledge of ICTV's ownership of the Registered Marks.

21. Upon information and belief, and as evidenced by material distributed by Kai, Kai is using the Registered Marks to promote confusion with ICTV's Registered Marks, all inuring to Kai's unearned benefit and to the detriment of ICTV.

22. Kai's use of the Registered Marks to solicit customers is likely to cause confusion, mistake or deception as to the source or origin of Kai's products and services, in that the public is likely to believe that Kai's services and products are provided by, sponsored by, approved by, licensed by, affiliated with, or in some way legitimately connected with ICTV, or indeed are ICTV's goods or services, all to ICTV's irreparable harm, and this use infringes upon the intellectual property rights of ICTV.

23. Kai's infringing and violative conduct was undertaken intentionally, willfully, and with wanton disregard of ICTV's rights.

## COUNT I

### Infringement of a Federally Registered Trademark

24. ICTV repeats and realleges the allegations set forth in Paragraphs 1 through 23.

25. This is a suit for service mark infringement and arises under the trademark laws of the United States, namely, Title 15 of the United States Code and more particularly, 15 U.S.C. §§1114-18, inclusive.

26. Kai's use of the '408 Mark is without ICTV's approval.

27. Kai is using the '408 Mark in connection with the sale, offering for sale, distribution or advertising of goods in a manner likely to cause confusion or mistake, or to deceive as to the source or origin of such goods or services.

28. Kai's conduct has created and will create confusion among the members of the relevant consuming public and will cause irreparable and immediate injury to ICTV for which ICTV has no adequate remedy at law.

29. ICTV has been damaged by the infringement of its registered mark.

30. Kai's acts of infringement have caused both irreparable harm and monetary damage to ICTV in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable harm, leaving ICTV with no adequate remedy at law. By its foregoing acts, Kai has deceived and confused members of the public, and it is likely to continue to do so unless restrained and enjoined by this Court.

## COUNT II

### Infringement of a Federally Registered Trademark

31. ICTV repeats and realleges the allegations set forth in Paragraphs 1 through 30.

32. This is a suit for service mark infringement and arises under the trademark laws of the United States, namely, Title 15 of the United States Code and more particularly, 15 U.S.C. §§1114-18, inclusive.

33. Kai's use of the '661 Mark is without ICTV's approval.

34. Kai is using the '661 Mark in connection with the sale, offering for sale, distribution or advertising of goods in a manner likely to cause confusion or mistake, or to deceive as to the source or origin of such goods or services.

35. Kai's conduct has created and will create confusion among the members of the relevant consuming public and will cause irreparable and immediate injury to ICTV for which ICTV has no adequate remedy at law.

36. ICTV has been damaged by the infringement of its registered mark.

37. Kai's acts of infringement have caused both irreparable harm and monetary damage to ICTV in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable harm, leaving ICTV with no adequate remedy at law. By its foregoing acts, Kai has deceived and confused members of the public, and it is likely to continue to do so unless restrained and enjoined by this Court.

## PRAYER AS TO ALL COUNTS

WHEREFORE, ICTV demands:

A. That Kai, its agents, servants, officers, servants, employees and affiliates, and all those persons in active concert or participation with them, be preliminarily and thereafter permanently enjoined and restrained from:

B. Using the mark DERMA WAND® or DERMAWAND®, or any other mark confusingly similar to ICTV's DERMAWAND® mark alone or in combination with other words, as a service mark, trademark, trade name, component or otherwise, to market, promote advertise or identify Kai's services.;

C. Otherwise infringing the DERMA WAND® or DERMAWAND® mark;

D. Holding itself out as the owner of, or a company authorized to use, as part of its name, the mark DERMA WAND® or DERMAWAND®, or a name confusingly similar thereto as a trademark, service mark, or trade name;

E. Using any trade practices whatsoever, including those complained of herein, which tend to unfairly compete with or injure ICTV's businesses and the goodwill attached thereto.

F.	Pursuant to 15 U.S.C. § 1117, ICTV be awarded its damages, Kai's profits, ICTV's attorneys' fees and costs, and that this award of damages and profits be tripled pursuant to 15 U.S.C. § 1117.\

G.	That ICTV has such other and further relief as this Court may deem just and proper.

## JURY DEMAND

ICTV demands a jury on all issues so triable

Respectfully submitted,

Date:   August 17, 2016			By: _____
						Benjamin E. Leace
						Pennsylvania Bar No. 54281
						Christopher H. Blaszkowski
						Pennsylvania Bar No. 306650
						RatnerPrestia
						2200 Renaissance Blvd., Suite 350
						King of Prussia, PA 19406
						610-407-0700
						Email: beleace@ratnerprestia.com
						Email: cblaszkowski@ratnerprestia.com

						Kevin P. Crosby (*pro hac vice* to be filed)
						Florida Bar Number 654360
						Cole Y. Carlson (*pro hac vice* to be filed)
						Florida Bar Number 112863
						GrayRobinson, P.A.
						401 East Las Olas Blvd.
						Suite 1000
						Ft. Lauderdale, Florida 33303-9998
						Telephone: 954-761-8111
						Facsimile: 954-761-8112
						Email: kevin.crosby@gray-robinson.com
						Email: cole.carlson@gray-robinson.com